THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK SILVA, Relator, *v.* JOHN ELSAESSER, as Deputy Commissioner in Charge of the Erie County Penitentiary, Respondent.

Supreme Court, Erie County, January —, 1929.

*Edwin Gaw Flanigen,* for the petitioner.

*John Elsaesser* in person and *Walter F. Hofheins, First Assistant District Attorney of Erie County,* for the respondent.

HARRIS, J. The relator has been produced in court this day in response to a writ of habeas corpus allowed by one of the justices of this court on the 8th day of January, 1929. The petition on which such writ was allowed alleged that the relator was illegally confined in the penitentiary of Erie county.

The facts before the court are as follows: The relator was sentenced in the County Court of Erie county on the 21st day of December, 1928, to the Erie County Penitentiary for a term of one year. He was received at such penitentiary on December 22,

1928. Prior to the imposition of such sentence the relator was confined in the Erie county jail for a total of 330 days while awaiting the disposition of the indictment on which he was finally sentenced December 21, 1928. The conduct of the relator while confined in the Erie county jail and subsequently, while confined under sentence in the Erie County Penitentiary, was such as to earn for himself a commutation or diminution of his sentence of five days for each month of such sentence, as provided for by subdivision 4 of section 230 of the Prison Law (as added by Laws of 1926, chap. 736), unless the State Commissioner of Correction is right in the contention which he makes and which is hereinafter set forth. The relator, when sentence was imposed, became entitled to have calculated as a part of the sentence of one year imposed upon him, the 330 days already spent in jail awaiting disposition of the indictment. (Penal Law, § 2193.)

The deputy commissioner of charities and corrections of Erie county has refused to release the relator from the Erie County Penitentiary, due to the fact that the said deputy commissioner has been advised by the State Commissioner of Correction that subdivision 4 of section 230 of the Prison Law forbids the release of any person confined in the penitentiary until he shall have served at least three months, and that such provision requires the relator to serve three months from the date on which he was received at the Erie County Penitentiary, regardless of the 330 days spent in the jail awaiting disposition of the indictment. Counsel for relator and the learned first assistant district attorney, who appeared before me on this matter, do not agree with such construction of subdivision 4 of section 230 of the Prison Law. Their contention is that the relator having served 330 days in jail and being entitled to five days a month for good behavior commutation on each month of the term imposed by sentence, is entitled to release forthwith. The court is of the opinion that this view of the counsel for the relator and of the learned first assistant district attorney is justified by the court's construction of subdivision 4 of section 230 of the Prison Law. After providing for commutation or diminution of sentence by reason of good behavior, the section further provides: " * * * nor shall any person confined in a penitentiary have his sentence reduced by commutation until he shall have served at least three months."

This court is of the opinion that this provision just quoted simply means that no person confined in a penitentiary shall be entitled to commutation for good behavior unless he shall have actually served three months upon a sentence to the penitentiary. The allowance of time served in jail provided for in section 2193

of the Penal Law is specifically provided to be a part of the sentence and, therefore, must be regarded as time served on such sentence, whether it be served in the jail or in the penitentiary. To the mind of this court the construction of the law by the State Commissioner of Correction is incorrect and unreasonable. Under such a construction a prisoner committed to a penitentiary for a term of one year, who had misbehaved himself while so confined, would be entitled to be released at the end of 365 days, while a prisoner standing in the position of this relator, who had served 330 days in jail and who would be deprived of a right to commutation for good behavior if the construction of subdivision 4 of section 230 of the Prison Law, as contended by the State Commissioner of Correction, is a proper one, would be forced, in addition to the 330 days served in jail, to serve at least three months more, making a total of 420 odd days to serve, in place of a year's sentence.

This court having reached the above conclusion with reference to the proper construction of subdivision 4, section 230 of the Prison Law, orders the release forthwith of the relator from the Erie County Penitentiary.